956 F.2d 1162
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Andrew MAZARELLA, Petitioner-Appellant,
v.
Larry COX, Warden, Federal Correctional Institution,
Morgantown, West Virginia; US Parole Commission,
Respondents-Appellees.
 No. 91-6599.
 United States Court of Appeals, Fourth Circuit.
 Submitted Dec. 16, 1991.
Decided March 11, 1992.
 
 Appeal from the United States District Court for the Northern District of West Virginia, at Elkins. Robert Earl Maxwell, Chief District Judge. (CA-89-159-E)
 Franklin D. Cleckley, Morgantown, W.Va., for appellant.
 William A. Kolibash, United States Attorney, Lisa A. Grimes, Assistant United States Attorney, Wheeling, W.Va., for appellees.
 N.D.W.Va.
 AFFIRMED.
 Before SPROUSE and NIEMEYER, Circuit Judges, and BUTZNER, Senior Circuit Judge.
 OPINION
 PER CURIAM:
 
 
 1
 Andrew Mazarella appeals from the order of the district court adopting the recommendation of the magistrate judge and denying relief on Mazarella's petition under 28 U.S.C. § 2241 (1988). We affirm.
 
 
 2
 Mazarella was convicted in federal court in the Southern District of Florida of conspiring to violate the Travel Act, in violation of 18 U.S.C. § 371 (1988) and 18 U.S.C.A. § 1952(a)(3) (West 1984 & Supp.1991). He was also convicted on several substantive counts charging Travel Act violations. The conspiracy count (count one), alleged that the Travel Act violations were part of a scheme to bribe police officers to protect narcotics shipments. The jury acquitted Mazarella of a charge of conspiracy to distribute in excess of one kilogram of cocaine in violation of 21 U.S.C. § 846 (1988) (count twelve). Mazarella's convictions were affirmed by the Eleventh Circuit on appeal. United States v. Risk, 866 F.2d 1422 (11th Cir.), cert. denied, 490 U.S. 1110 (1989).
 
 
 3
 At Mazarella's initial parole hearing the Commission affirmed the findings in the probation officer's estimated Parole Guideline Worksheet and gave Mazarella a category eight rating, based upon the Travel Act conspiracy count and the reference in overt act forty-one of that count to facilitation of the importation of over 100 kilograms of cocaine. Mazarella objected, contending that the acquittal on the distribution count prevented the Commission's considering the conduct involved in overt act forty-one. Mazarella exhausted his administrative remedies and then filed the present action in district court challenging the Commission's decision. The case was referred to a magistrate judge, who recommended that the petition be denied. The district court adopted this recommendation and Mazarella appealed.
 
 
 4
 When calculating parole eligibility the Parole Commission is prohibited by its own regulations from considering conduct of which a prisoner has been acquitted. See 28 C.F.R. § 2.19(c) (1991); Ceniceros v. United States Parole Comm'n, 837 F.2d 1358, 1360 (5th Cir.1988). In the present case, the Commission relied on the amount of drugs referred to in overt act forty-one of count one of the indictment in calculating Mazarella's parole eligibility. The determinative question on this appeal is, therefore, whether the conduct alleged in overt act forty-one is the same as that alleged in count twelve, on which the jury found Mazarella not guilty.
 
 
 5
 Count one of the indictment against Mazarella alleges a conspiracy to violate the Travel Act. The underlying purpose of the Travel Act violations was to arrange police protection for shipments of narcotics being imported to, and transported through, North Bay Village, Florida, by bribing police officers. Count twelve alleges a conspiracy to distribute narcotics.
 
 
 6
 We agree with the district court that the two counts do not allege the same conduct. A jury could find that a defendant participated in the importation of narcotics, and the protection of those narcotics, without also finding that the same defendant participated in the ultimate distribution of those narcotics. Accordingly, the Commission did not err in considering the conduct alleged in overt act forty-one.
 
 
 7
 Mazarella makes several further arguments, all of which lack merit. Mazarella contends that the Commission erred in relying on the conduct which underlay the conspiracy, i.e. importation of narcotics, rather than the specific acts of the conspiracy, i.e. bribery. Commission guidelines authorize the consideration of "any substantial information available to it," 28 C.F.R. § 2.19(c), and it has long been the Commission's policy to look to the actual conduct involved, not merely the conduct resulting in conviction, see United States v. Vargas, 615 F.2d 952, 959 (2d Cir.1980).
 
 
 8
 Mazarella's argument that the Commission improperly based his severity rating upon the conduct of co-conspirators is meritless as well. See 28 C.F.R. § 2.20, chapter 13, subchapter A, note 4 (1991) (Commission may consider acts of co-conspirators where those acts were reasonably foreseeable); Augustine v. Brewer, 821 F.2d 365, 370 (7th Cir.1987) (same).
 
 
 9
 Mazarella's final argument is that he had withdrawn from the conspiracy prior to the date of the conduct alleged in overt act forty-one. However, withdrawal must be shown by evidence that the defendant acted to defeat or disavow the purposes of the conspiracy. United States v. West, 877 F.2d 281, 289 (4th Cir.), cert. denied, 493 U.S. 869, and 493 U.S. 959 (1989), and 493 U.S. 1070 (1990). Such evidence is lacking in this case. If evidence of withdrawal is equivocal, the Commission does not err in considering reasonably foreseeable acts of co-conspirators occurring after the date of the alleged withdrawal. Augustine, 821 F.2d at 370 n. 5.
 
 
 10
 Accordingly, the decision of the district court adopting the recommendation of the magistrate judge is affirmed. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 
 11
 AFFIRMED.